P-SEND

FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
NOV 21 2003
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY L. HARGIS, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | Case No. SACV 03-1146 DOC (ANx) REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

ENTERED ON ICMS
NOV 24 2003
CV

This Report and Recommendation is submitted to the Honorable David O. Carter, United States District Judge, pursuant to 28 U.S.C. § 636. For the reasons reported below, the Magistrate Judge recommends that the Court deny the Petition to quash the summons ("Petition"), direct the third-party identified in the summons to produce all requested documents to the Internal Revenue Service ("IRS") forthwith, and dismiss this action with prejudice.

## I. BACKGROUND

By way of his Petition, petitioner Anthony L. Hargis ("Hargis") seeks to quash a third-party summons issued by IRS Agent Shereen Hawkins ("Hawkins"). The summons directs Wells Fargo Bank ("Bank"), a commercial bank and non-party, to produce its records for one account maintained by Hargis.



21

The Petition is one of six petitions in related cases that have been reassigned to Judge Carter and referred to the undersigned Magistrate Judge for further proceedings. On November 13, 2003, the Magistrate Judge conducted a joint hearing on the six petitions and the parties were represented by counsel.

## II. ANALYSIS

The Internal Revenue Code ("Code") authorizes the IRS to obtain information from a taxpayer or to require the production from "any person" holding records "relating to the business of the person liable for tax." 26 U.S.C. § 7602; *Chen Chi Wang v. United States*, 757 F.2d 1000, 1002 (9th Cir. 1985). Section 7609 of the Code contains special procedures for third-party summons. 26 U.S.C. § 7609 ("Section 7609"). These special procedures give any person who is entitled to notice of the third-party summons a right to intervene or bring proceedings to quash the summons. Section 7609(b)(1)-(2). In the pending case, the Magistrate Judge finds Hargis has standing to bring the pending Petition because he is the person whose Bank records are being sought and is entitled to notice of the third-party summons.

The Code authorizes the IRS to summon books and records and take the testimony of any individual for the purpose of ascertaining the correctness of a tax return and to determine a taxpayer's tax liability. 26 U.S.C. § 7602(a); see also, *United States v. Derr*, 968 F.2d 943, 945 (9th Cir.1992); *United States v. Saunders*, 951 F.2d 1065, 1067 (9th Cir.1991). The Code also authorizes the IRS to request a federal district court to enforce a third-party summons in a proceeding to quash the summons. Section 7609(b)(2)(A).

An IRS summons is issued administratively "but its enforcement is only by federal court authority in an 'adversary proceeding' affording the opportunity for challenge and 'complete protection to the witness.'" *United States v. Church of Scientology of California*, 520 F.2d 818, 821 (9th Cir. 1975), quoting *Donaldson v. United States*, 400 U.S. 517, 525, 91 S.Ct. 534, 539 (1971); see also, *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993). Since the enforcement of an IRS summons invokes the process of this Court, the Court will not enforce a summons if it would constitute an abuse of

process. *United States v. Powell*, 379 U.S. 48, 58, 85 S.Ct. 248, 255 (1964). Such an abuse would occur if the summons was issued for an improper purpose, for example, to harass the taxpayer. *Powell*, 379 U.S. at 58, 85 S.Ct. at 255.

Consequently, to obtain enforcement of an IRS summons, the IRS is required to make a prima facie case for its enforcement. *Id.* at 57-58, 85 S.Ct. at 254-255; *Gilleran*, 992 F.2d at 233. In order to establish a prima facie case, the IRS need only make a "minimal" showing that: (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the IRS's possession; and (4) the administrative steps required by the Code have been followed. *Derr*, 968 F.2d at 945; *Ponsford v. United States*, 771 F.2d 1305, 1307-1308 (9th Cir. 1985) (applicable to proceeding to quash IRS summons); *Liberty Financial Services v. United States*, 778 F.2d 1390, 1392 (9th Cir.1985) (same). Normally, the IRS makes the "good faith" showing of materiality and relevancy required by *Powell* in the declaration of the issuing IRS agent. *Gilleran*, 992 F.2d at 233; *Liberty Financial Services*, 778 F.2d at 1392. All that needs to be shown is that the summoned documents right shed light on the tax liabilities under examination. See *United States v. Ryan*, 455 F.2d 728, 733 (9th Cir.1972); see also, *United States v. Arthur Young & Co.*, 465 U.S. 805, 814, 104 S.Ct. 1495, 1501 (1984) (Congress intended that the IRS could obtain items of even potential relevance under Section 7602 of the Code).

Once the IRS has established its prima facie case, the burden of proof shifts to the person challenging the summons to "refute the Government's *Powell* showing of good faith to oppose successfully the enforcement of an IRS summons." *United States v. Samuels, Kramer and Co.*, 712 F.2d 1342, 1346 (9th Cir.1983); see also, *Liberty Financial Services*, 778 F.2d at 1392. "The taxpayer [or summoned party] may challenge and attempt to rebut the prima facie case of good faith the government has established or attempt to show that enforcement of the summons would otherwise constitute an abuse of process." *Gilleran*, 992 F.2d at 233; see also, *Liberty Financial Services*, 778 F.2d at 1392. "The taxpayer, however, carries a heavy burden of convincing the district court

to deny enforcement." *United States v. Stuckey*, 646 F.2d 1369, 1372 (9th Cir.1981), *cert. denied sub. nom.*, *Weinstein v. United States*, 455 U.S. 942, 102 S.Ct. 1436 (1982); *Liberty Financial Services*, 778 F.2d at 1392. "The taxpayer must allege specific facts and evidence to support his allegations." *Liberty Financial Services*, 778 F.2d at 1392. A party opposing the summons must be able to come forward with at least "a minimal amount of evidence just to entitle him or her to an evidentiary hearing." *United States v. Stuckey*, 646 F.2d at 1372. If no substantial challenge to the validity of the summons is made in a sworn affidavit or declaration alleging specific facts, the matter should be decided on the pleadings before the district court with no further proceedings, the summons should be enforced, and the IRS should be allowed to obtain the summoned testimony and records. *Liberty Financial Services*, 778 F.2d at 1392-1393; *Stuckey*, 646 F.2d at 1372-1376. "Enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." *Derr*, 968 F.2d at 945.

In the pending case, Respondent's opposition to the Petition and evidentiary support for the enforcement of the IRS summons is set forth in Hawkins' declaration. [Declaration of Shereen Hawkins ("Hawkins Decl.") (Docket item 14).][1] The Magistrate Judge finds Hawkins' declaration shows the IRS is using the IRS summons for a good-faith, legitimate purpose. Hawkins' declaration establishes that she has been assigned to conduct an IRS investigation of an alleged private or warehouse bank scheme that Hargis and others are actively promoting over the Internet[2] on a website maintained by Hargis. [Hawkins Decl. at ¶¶1-17.] Specifically declares that:

> Under the scheme, bank customers give money to Hargis, who either invests the money in gold coins or puts the money into a checking account at a Federal Reserve Bank. The checking accounts are not held, however,

---

[1] On October 20, 2003, Respondent also filed a duplicate Hawkins declaration, however, pages 3 and 6 are missing. [Declaration of Shereen Hawkins (Docket item 17)].

[2] The website address is www.anthonyhargis.com.

> in the customers' names. Instead, the accounts are held in the names of a few select individuals who aid Hargis in this scheme. These individuals then sign over blank checks to Hargis, who draws money from the checking accounts to pay his customers' bills.

[Hawkins Decl., ¶10.] Hawkins explains that, by using the commercial bank account in the foregoing manner and refusing to identify the bank customers, Hargis is aiding the private bank customers to hide their income and assets from the IRS. [*Id.* at ¶13.] During a meeting with Hargis in March of 2003, Hargis affirmed to Hawkins that he is using the accounts in his private bank to deposit his customers' funds and to pay their bills, but that Hawkins refuses to turn over his customer list. [*Id.* at ¶¶11-12.] Hawkins has also discovered Hargis has 14 private bank customers who are believed to be located nationwide, that several of these customers have incurred federal tax debts ranging from $10,000 to $400,000, and that "several of Hargis's identified customers have not filed federal income tax returns when lawfully required to do so." [*Id.* at ¶11.] Hawkins declares the Bank records are needed to determine the nature and extent of the customers' respective deposits and withdrawals, and to identify other customers. A comparison of Hargis's summoned Bank records with other IRS records pertaining to the private bank customers will help the IRS determine whether these customers are using the bank to evade taxes, and whether Hargis, and others are liable for civil penalties pursuant to 26 U.S.C. §§ 6700 or 6701 for promoting an abusive tax scheme, and whether they should also be enjoined from promoting it pursuant to 26 U.S.C. §§ 7402 and 7408. [*Id.* at ¶¶13-17.] Hawkins declares the IRS does not have possession of the information sought in the summoned Bank records, and that there is no Justice Department referral in effect against Hargis as defined in 26 U.S.C. § 7602(d)(A)(i). [*Id.* at ¶¶18-19.] Hawkins' declaration also establishes the IRS followed the appropriate administrative steps required by the Code for the issuance and service of the third-party summons on the Bank. [*Id.* at ¶20.] Based upon foregoing, the Magistrate Judge finds the IRS has met its burden of establishing it is using the third-party summons for a good-faith, legitimate purpose, that

it has established a prima facie case for its enforcement, and that the burden of proof has shifted to Hargis. *Gilleran*, 992 F.2d at 233.

The Magistrate Judge finds that Hargis has failed to meet his burden of rebutting the IRS's prima facie case for enforcement. Aside from conclusory allegations, Hargis' declaration in support of his Petition is totally devoid of specific facts or evidence showing that the IRS is using the third-party summons for an improper purpose. Instead, his supporting declaration contains conclusory statements and denials on matters that are irrelevant and do not even constitute "a minimal amount of evidence" warranting an evidentiary hearing. *United States v. Stuckey*, 646 F.2d at 1372. Moreover, Hargis does not expressly deny that the summoned Bank records are for an account that is being used in connection with the warehouse bank scheme.

During the hearing, Hargis also argued the summons should be quashed because the warehouse bank is not being promoted, and that he is simply exercising his First Amendment right to criticize the Federal Reserve System. As explained during the hearing, these arguments are without merit because Hawkins' declaration clearly sets forth specific facts and exhibits showing that Hargis is actively promoting the warehouse bank scheme on his Internet website, and soliciting customers. Further, Hargis' First Amendment argument misses the point by failing to recognize that the IRS is using the summons to acquire information to determine if he and others are liable for civil penalties for promoting an abusive tax scheme, not for exercising its First Amendment right to criticize or protest against the IRS or Federal Reserve System.

///

///

///

///

///

///

///

## III. RECOMMENDATION

In accordance with the foregoing, IT IS RECOMMENDED that the Court issue an order: (1) approving and adopting this Report and Recommendation; (2) denying the Petition to quash the IRS summons; (3) directing the third-party identified in the summons to produce all requested records; and (4) directing that judgment be entered dismissing this action with prejudice.

DATE: November 21, 2003

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE